The document below is hereby signed.

Signed: May 6, 2016



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MARSHA ANN RALLS,                  )    Case No. 16-00222
                                   )    (Chapter 11)
         Debtor.                   )    Not for publication in
                                   )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER
RE EMERGENCY MOTION FOR RELIEF FROM
<u>STAY OR ALTERNATIVELY TO DISMISS CHAPTER 11 CASE</u>

This addresses BWF Private Loan Fund, LLC's *Emergency Motion for Relief From Stay or Alternatively to Dismiss Chapter 11 Case* (Dkt. No. 7).

I

For the reasons set forth in the court's oral decision at the hearing of May 5, 2016, and as elaborated upon below, the *Emergency Motion* must be denied with respect to the request for relief from the automatic stay.

There is no dispute that the debtor has substantial equity in her real property. When the debtor's prior bankruptcy case was pending as a case under chapter 7 of the Bankruptcy Code (11 U.S.C.), the right of BWF Private Loan Fund, LLC to proceed with

foreclosure had not been adjudicated by the Superior Court, and the debtor was not then faced with an imminent foreclosure sale that might result in less net equity for her (after the costs of sale) than would be realized by her selling the real property. No bad faith can be attributed to the debtor in not acquiescing to have the property sold in a non-foreclosure sale during the pendency of the prior case.

The debtor's prospects for obtaining an acceptance of a chapter 11 plan by an impaired class (a prerequisite for a plan to be confirmed) may be dim.[1] However, in order to maximize the net equity realized from the property via an orderly sale versus the net equity that would be realized via a foreclosure sale, the debtor could demonstrate good faith by attempting promptly to sell her real property before the case reaches the point where it might be plain that no confirmed plan can be achieved and that the case must thus be converted to chapter 7 or dismissed.[2]

In contrast to the prior bankruptcy case, the debtor has not

---

[1] The two secured creditors (who are fully secured) might elect to reject any proposed plan. The remaining listed creditor, the Internal Revenue Service, scheduled as holding only a tax claim entitled to priority, would not be entitled to vote unless it also holds a claim not entitled to priority. Even if it holds a non-priority claim, it typically elects not to vote on a plan.

[2] The debtor has not yet filed an application to employ a real estate broker, but the case is only in its second day. A broker might not be necessary if the debtor already has a sale lined up.

claimed the property as exempt in its entirety, with the property removed from the bankruptcy estate if the exemption of the entire property becomes effective under 11 U.S.C. § 522(l): she has instead claimed as exempt only the estimated equity in the property.  She theoretically could have filed a chapter 7 case (or could convert this case to a chapter 7 case) in which she would not stand in the way of the chapter 7 trustee's selling the property (in order that she would receive more net equity than she would receive after a foreclosure sale).  The court cannot say at this juncture that the debtor has filed this case in bad faith only for the purpose of delaying foreclosure (with no good faith purpose of attempting to maximize the net equity she receives from a sale of the property).

Accordingly, relief from the automatic stay is not appropriate under either 11 U.S.C. § 362(d)(1) or § 362(d)(4).

II

For the reason that no Rule 2002 notice has been given regarding the *Emergency Motion* insofar as it seeks dismissal of the case, that part of the *Emergency Motion* will be dismissed without prejudice.

III

It is

ORDERED that the *Emergency Motion* (Dkt. No. 7):

    (1) is DENIED insofar as it seeks relief from the

automatic stay; and

    (2) is DISMISSED without prejudice insofar as it seeks dismissal of this case.

[Signed and dated above.]

Copies to: Recipients of e-notice of orders through CM/ECF.