**IN THE UNITED STATES BANKRUPTY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| In re: | * | | |
| | * | | |
| MARSHA RALLS | * | Case No.: | 16-00222 |
| | * | | |
| Debtor. | * | (Chapter 11) | |

* * * * * * * * * * * *

**OBJECTION TO DISCLOSURE STATEMENT**
**[DOCKET ENTRY 127]**

COMES NOW the debtor Marsha Ralls, by and through undersigned counsel, respectfully files this Objection to the Disclosure Statement filed by BWF Private Loan Fund, LLC [Docket Entry 127] (the "Disclosure Statement"). In support thereof, the debtor Marsha Ralls states as follows:

**Preliminary Statement**

The Court should deny approval of the Disclosure Statement because it does contain adequate information as required under Section 1125 of title 11 of the United States Code (the "Bankruptcy Code") and because it describes a plan that lacks valuation of the real property and cash flows incapable of sustaining the proposed plan.

**The Disclosure Statement Fails to Disclose Material Facts**

1. Upon information and belief, the proposed Disclosure Statement and Chapter 11 plan is designed to eliminate the claims of Creditor John Malachi.

2. The Debtor is a homeowner who during 2001 acquired a home in the Georgetown area of Washington D.C. for $877,230.00. The property,

1

valued at approximately $3,900,000.00, was occupied by the Debtor and her two (2) sons.

3. The Debtor was an Art Entrepreneur, Consultant and sole owner of the Ralls Collection, Inc. During a period of financial and emotional distress, which coincided with the death of the Debtor's mother, the Debtor sought a loan in the amount of $70,000.00 for personal use.

4. The Debtor was introduced to Creditor BWF Private Loan Fund, LLC ("BWF"). The Creditor was a "Hard-Money Lender" that made commercial loans only. The Creditor informed the Creditor that it only made commercial loans and loaned money against real property.

5. The Creditor informed the Debtor that it would not give her a personal loan in the amount of $70,000.00. The Creditor however, offered to make a loan to the Debtor's business, Debtor Ralls Collection, Inc. The loan would be against the Artwork as collateral.

6. On or about November 8, 2011, Creditor BWF made a loan in the original principal amount of $500,000 (the "Loan") to The Ralls Collection, Inc. ("TRC"), a company owned by the Debtor.

7. The Creditor informed the Debtor that she would receive $391,000.00. That $65,000.00 would be placed in an interest reserve account for future payments and the remaining balance would pay for closing costs.

8. On or about November 8, 2011, the Debtor signed a certain Unconditional Guaranty Agreement (the "Guaranty"), guaranteeing the payment in full (and not merely the collectability) of the Loan.

9. The Guaranty is secured by the Property pursuant to that certain Indemnity Deed of Trust and Security Agreement, Assignment of Leases and Rents ("DOT") filed on November 17, 2011 with the District of Columbia Recorder of Deeds.

10. The Loan matured on November 30, 2012. On May 15, 2013, after no payments of interest or principal had been made, BWF filed a complaint in the D.C. Superior Court commencing the case captioned *BWF Private Loan Fund, LLC v. Marsha Ann Ralls and The Ralls Collection, Inc.*, Case No. 13-0003373 (the "Superior Court Case") seeking a judgment liquidating BWF's claims and authorizing it to foreclose on the Property and other collateral posted to secure the Loan and the Guaranty.

11. After more than two years of litigation, a jury trial commenced on or about October 27, 2014, and concluded on or about November 6, 2014, whereupon the jury entered its verdict in favor of BWF and against TRC and the Debtor on issues pertaining to liability.

12. The D.C. Superior Court, Judge Motley presiding, set January 29, 2015 as the date for rendering a decision on the quantum of damages and entering a judgment in the Superior Court case.

13. On September 15, 2015, after the D.C. Superior Court denied the Debtor's and TRC's post-trial motions for a new trial and to alter/amend the judgment, the Debtor appealed the Judgment to the D.C. Court of Appeals, and on November 9, 2015 and December 8, 2015, respectively, the D.C. Superior Court and the D.C. Court of Appeals denied the Debtor's motions for a stay pending appeal.

**Disclosures Concerning Feasibility**

14. The Disclosure Statement discloses the following concerning the funding of the plan: V. Summary of Plan - "The Plan contemplates the sale of the Property." Disclosure Statement at p. 2.

15. This disclosure is inadequate. The creditor BWF does not disclose the true nature of the contemplated sale. That, in fact, the contemplated sale has a

3

"competing" plan to sale of the property. That the debtor, in fact, shall attempt to achieve a higher sales price than the creditor BWF Private Loan Fund, LLC.

16. There does not exist adequate information for an individual to assess whether the marketing and sale of the real property is a viable transaction. The creditor BWF has not identified a real estate sales agent, broker or auctioneer.

17. The Creditor BWF does not identify any prospective purchasers, any alternative financing, or why there is any reasonable prospect that the Property can be sold or refinanced. The Disclosure Statement does not discuss any efforts by the debtor to sell or refinance to date, or any intended future efforts. *See In re Cardinal Congregate I*, 121 B.R. 760 (Bankr. S.D. Ohio 1990)(debtor must explain the consequences of sale or refinancing on allowed claims and interests and discuss past and intended future effort to sell or refinance).

    **WHEREFORE**, the Debtor Marsha Ralls prays this honorable Court

    a. Enter an Order denying approval of the Disclosure Statement;

    b. For any other relief deemed necessary and proper.

September 30, 2016

*/s/ William C. Johnson, Jr.*
William C. Johnson, Jr., Esq.
 #470314
1101 15th St. NW
Suite 203
Washington, D.C. 20005
(202) 525-2958

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 30, 2016, a copy of the foregoing was sent via ECF and first class mail, postage pre-paid, to the following:

Office of the U.S. Trustee
Joseph Guzinski
115 S. Union Street
Plaza Level-Suite 210
Alexandria, VA 22314

Patrick J. Potter
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth St. NW
Washington, D.C. 20036

All creditors on Mailing Matrix

/s/ *William C. Johnson, Jr.*
William C. Johnson, Jr., Esq.

5