**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE** | * | |
| | * | **Case No. 16-00222-SMT** |
| **MARSHA ANN RALLS** | * | **Chapter 11** |
| | * | |
| **Debtor.** | * | |
| _____ | * | |

**MOTION TO RECONSIDER ORDER CONFIRMING BWF PRIVATE LOAN
FUND, LLC'S AMENDED CHAPTER 11 PLAN OR, IN THE ALTERNATIVE,
MOTION TO STAY ORDER CONFIRMING CHAPTER 11 PLAN AND
REQUEST FOR HEARING**

Marsha Ann Ralls (the "Debtor"), by and through her counsel, Janet M. Nesse and

McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., pursuant to 11 U.S.C. § 105 and

Federal Rule of Bankruptcy Procedure 9023 and 9024, files this Motion to Reconsider Order

Confirming BWF Private Loan Fund, LLC's Amended Chapter 11 Plan or, in the Alternative,

Motion to Stay Order Confirming Chapter 11 Plan and Request for Hearing and, in support

thereof, states as follows:

**Background**

1.      On May 4, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 11 of Title 11 of the United States Code.

2.      As of the Petition Date, the Debtor owned improved real property located at

1516 31st Street, NW, Washington, DC 20007-3074 (the "Property").

3.      On or about November 8, 2011, BWF Private Loan Fund, LLC ("BWF"), as

lender, entered into a promissory note (the "Note") with The Ralls Corporation, Inc. ("TRC")

in the original principal amount of $500,000.00 (the "Loan").  The Loan is secured by the

Property pursuant to an Indemnity Deed of Trust and Security Agreement in favor of BWF.

4.      The Note is the subject of an appeal pending in the District of Columbia Court

1

of Appeals.

5.      On June 9, 2015, the District of Columbia Superior Court entered judgment

against the Debtor on the Note in the sum of $1,202,472.87 (the "Judgment").

6.      As of the Petition Date, BWF asserted a secured claim against the Debtor in the

amount of $1,763,294.20 (the "Claim").

7.      The Debtor appealed the Judgment.  The Appeal is pending before the District

of Columbia Court of Appeals, in the matter captioned *Marsha Ann Ralls, et al. v. BWF*

*Private Loan Fund, LLC,* case No. 15-CV-1134, pending in the District of Columbia Court of

Appeals, Case No. 15-CV-1134 (the "Appeal").

8.      On September 1, 2016, within exclusivity, the Debtor filed her Disclosure

Statement [Docket No. 89] and Plan of Reorganization [Docket No. 90], as amended on October

19, 2016 [Docket Nos. 174-175]

9.      On September 15, 2016, BWF filed a competing Disclosure Statement [Docket

No. 127] and Chapter 11 Plan [Docket No. 128], as amended on October 20, 2016.

10.     On October 20, 2016, the Court entered an Order Confirming the Amended

Chapter 11 Plan of BWF Private Loan Fund, LLC (the "Confirmation Order") [Docket No. 186].

11.     For the reasons set forth herein, the Debtor respectfully requests that the Court

enter an Order reconsidering the Confirmation Order or, in the alternative, staying the

Confirmation Order pending the conclusion of the Appeal.

### Standard

12.      Federal Rule of Bankruptcy Procedure 9024 provides that the court may, on

motion, relieve a party or its legal representative from a final judgment, order, or proceeding

for certain enumerated reasons, including any reason justifying relief from the operation of the

judgment.  In re Osborne, 379 F.3d 277 (5th Cir. 2004) (finding, under the unique

circumstances of the case, that the bankruptcy court abused its discretion in denying a 60(b)(6)

motion where the consequence of the ruling was loss of debtor's home and where arrearage

could be cured by continuation of payments).

13.     In considering whether the operation of an order should be stayed, court's

rely on the same standards that are considered when determining whether a stay

pending appeal should be granted, including the (i) likelihood that the party seeking

the stay will prevail on the merits of the appeal; (ii) the likelihood that the party

seeking the stay will be irreparably harmed absent a stay; (iii) the prospect that others

will be harmed if the court grants the stay; and the (iv) public interest in granting the

stay.  In re Akers, No. 10-10006, 2010 WL 5317326 (Bankr. D.C. Dec. 21, 2010).

## The Dispute

14.     The Debtor and BWF have been engaged in extensive litigation

concerning the Loan, which is secured by the Debtor's principal residence in the

District of Columbia.

15.     The essence of the dispute concerns, principally, whether the Loan is a

"mortgage loan" or a "commercial loan," which, depending on its classification, is

subject to different protections under D.C. law.

16.     Among other things, the District of Columbia requires that any lender

making a "mortgage loan" be licensed.

17.     BWF is not licensed to make "mortgage loans" in the District of

Columbia.  Notwithstanding, in order to circumvent the licensing requirements, BWF

extended the Loan to TRC as a purported commercial loan, though the Loan was

3

intended and, in-fact, used primarily for personal and non-business purposes.

18.     The Loan is a "mortgage loan" under D.C. Law, subjecting the Loan to

protections from the type of predatory lending that BWF engaged against the Debtor.

BWF's improper lending practices are demonstrated no more clearly by the amount of

its claim, which seeks more than $1,800,000.00 when the Debtor received net Loan

proceeds of only $391,386.12.

19.     Though the Debtor submitted evidence that the Loan is a "mortgage

loan", the Superior Court determined, respectfully, in error, that the Loan was a

"commercial loan", and precluded the Debtor from having the jury determine that

factual question.  The sole defense that the Debtor was permitted to permit the jury to

consider was capacity to contract.

20.     After a jury trial verdict, the Superior Court entered Judgment in favor

of BWF.

### The Pending Appeal

21.     The Debtor appealed the Judgment to the District of Columbia Court of

Appeals.  The Debtor's appeal brief is attached hereto as **Exhibit A**.[1]  The appeal brief was

pending at the time the Confirmation Order was entered, and remains pending in the Court of

Appeals.

22.     At the time the Debtor's brief was filed, the Debtor was *pro-se*.  Acknowledging

the need to obtain experienced counsel, the Debtor retained the law firm of Gordon & Simmons,

LLC to represent her in the appeal.  Gordon & Simmons is widely recognized for its experience

in representing clients in complex civil and appellate matters.  Gordon & Simmons has formally

entered its appearance on behalf of the Debtor in the Court of Appeals.  A copy of Gordon &

---

[1] Due to the size of the brief, the Debtor has not included the exhibits attached to the filed brief.

4

Simmons' Notice of Appearance is attached hereto as **Exhibit B.**

23.     Gordon & Simmons intends to prosecute the Appeal on behalf of the Debtor to its prompt conclusion which, the Debtor respectfully submits, will result in the Judgment being vacated and remanded for a new trial, thus materially impacting this case and the Confirmation Order.

<b><u>Cause Exists to Reconsider and/or Stay the BWF Confirmation Order</u></b>

24.     The Debtor submits that cause exists for the Court to Reconsider and/or Stay the Confirmation Order.

25.     First, prior to the entry of the Confirmation Order, the Appeal was pending, which, the Debtor submits, materially impacts the extent and amount of BWF's claim, as well as the Debtor's reorganization.

26.     The Debtor is represented by experienced counsel in the Appeal, which the Debtor intends to prosecute expeditiously.

27.     The Debtor has also secured new bankruptcy counsel, with the resources and experience to represent the Debtor's interests and *protect property of the Bankruptcy Estate for the benefit of all creditors* while the Appeal is pending.

28.     The Debtor respectfully submits that the Appeal, and its impact on the extent and validity of BWF's claim, and the Debtor's reorganization, constitutes cause, justifying relief from the operation of the Confirmation Order.

29.     No creditor is prejudiced by the Court's reconsideration and/or stay of the effect of the Confirmation Order.  The Property has substantial equity, adequately protecting BWF's alleged claim.

30.     The equity cushion is demonstrated by the appraisals commissioned by

both the Debtor and BWF.

31.     According to the Debtor's appraisal of the Property, as of July 28, 2016, the

Property was valued at $3,900,000.00.  A copy of the Debtor's appraisal is attached hereto as

**Exhibit C.**

32.     BWF commissioned its own appraisal of the Property.  As of September 1,

2016, according to its appraisal, the Property was valued at $3,100,000.00.  A copy of BWF's

appraisal is attached hereto as **Exhibit D.**

33.     As of the Petition Date, the Property was encumbered by the following liens:

| | | |
|---|---|---|
| i. | Capital One Bank, N.A.: | $830,000.00 |
| ii. | BWF Private Loan Fund, LLC: | $1,763,394.11 |
| | **Total:** | **$2,593,294.11** |

34.     Assuming *arguendo* that BWF's appraisal is fairly stated (which is disputed), a

sufficient equity cushion exists to protect BWF while the Appeal is pending, in addition to

any bond or adequate protection requirement the Court imposes on the Debtor.

35.     Cause exists to reconsider and/or stay the Confirmation Order based on the

significant legal issues presented in the Appeal, and its impact on BWF's alleged claim and

the Debtor's reorganization options. Furthermore, the confirmed plan fails to provide any

mechanism to protect the Debtor and the Estate's interest in the outcome of the Appeal, which

was pending at the time the Confirmation Order was entered.  Inasmuch as the Confirmation

Order arguably has a res judicata effect on the Appeal, the Confirmation Order should be

vacated to protect the Debtor and the Estate's rights.

36.     At a minimum, the Confirmation Order should be stayed, as the Debtor has a

high likelihood of success on the merits of the Appeal, and no party is prejudiced by such a

stay.  It is undisputed that BWF is not licensed to extend "mortgage loans" in the District of

Columbia.  It is equally undisputed that if the proceeds of the Loan were used primarily for

personal, family or household expenses, such a loan, despite any statements in BWF's loan

documents to the contrary, would be considered a "mortgage loan" under D.C. law.

37.     The Debtor received net Loan proceeds of $391,386.12.  Approximately 79% of

the net proceeds of the Loan were used for personal, not business, purposes, demonstrating that

the Loan was not a commercial loan.   See Affidavit attached hereto as **Exhibit E.**  The Superior

Court incorrectly relied on a schedule prepared by BWF purporting to show that the money was

used for business purposes, as well as other BWF loan documents.   However, BWF knew the

Debtor was seeking a consumer loan, but chose to disguise the Loan as a "commercial loan" to

circumvent protections granted to borrowers under D.C. law.

38.     Because the Superior Court would not allow the question to be determined

by the jury, the Superior Court was not fully apprised of the use of the borrowed funds,

and the legal consequences that flow from the fact that the Loan was not a commercial

loan.  Furthermore, the Debtor was deprived of the right to have the jury determine this

factual question.  The numerous violations of multiple statutes give rise to numerous

defenses that substantially reduce BWF's claim, and materially impacts the Debtor's

reorganization and this Estate.

39.     The Debtor will be irreparably harmed if the Confirmation Order is not

stayed or reconsidered.  Under the Confirmation Order, the Debtor is required to sell and

vacate Property under conditions that are onerous, unreasonable, unnecessary, and will not

result in maximizing the value of the Property.  Equally important, BWF's Judgment

includes hundreds of thousands of dollars of illegal interest, and casts significant doubt on

whether BWF is entitled to the more than $500,000.00 in attorney's fees it assessed

against the Debtor and the Property.

40.     By contrast, BWF suffers no harm if the Court reconsiders and/or stays the

Confirmation Order.  The Property has substantial equity protecting BWF's alleged claim,

even at its asserted (and disputed) amount.  To the extent BWF alleges harm, BWF can be

further protected by a bond or such other adequate protection that the Court determines

appropriate under the circumstances of this matter.

41.     Finally, the public interest is served in reconsidering and/or staying the

Confirmation Order.   The District of Columbia's Mortgage and Home Loan Protection Acts were

enacted to protect residents of the District of Columbia from predatory lending.  Allowing the

Confirmation Order to stand while the Appeal is pending encourages rather than deters the type of

conduct that the legislature intended to protect.

### Conclusion

The Debtor respectfully requests that the Court enter an Order vacating the Confirmation

Order and/or staying the Confirmation Order pending conclusion of the Appeal, under terms and

conditions that the Court believes are necessary and appropriate.  When balance the harms, it

cannot be overlooked that the Debtor is irreparably harmed by the entry of Confirmation Order,

where no comparable, or any harm, results to BWF Private Loan Fund, LLC.

 Date:  November 3, 2016               Respectfully submitted,

                                       MCNAMEE HOSEA JERNIGAN KIM
                                       GREENAN & LYNCH, P.A.

                                       **/s/ Janet M. Nesse**
                                       Janet M. Nesse (Fed. Bar No. 07804)
                                       6411 Ivy Lane, Suite 200
                                       Greenbelt, Maryland  20770
                                       (301) 441-2420

8

jnesse@mhlawyers.com
*Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2016, a copy of the foregoing Motion to Reconsider Order Confirming BWF Private Loan Fund, LLC's Amended Chapter 11 Plan or, in the Alternative, Motion to Stay Order Confirming Chapter 11 Plan and Request for Hearing was served by CM/ECF and/or by first class mail, postage prepaid, to the following:

Patrick J. Potter
Pillsbury Winthrop Shaw Pittman, LLP
1200 Seventeenth Street, NW
Washington, DC 20036

Bradley Jones
U.S. Trustee for Region Four
115 South Union Street
Suite 210 Plaza Level
Alexandria, VA 22314

Capital One, N.A.
Ascension Capital Group
P.O. Box 165028
Irving, TX 75016

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

Internal Revenue Service
Attn: K. Ivory
31 Hopkins Plaza, Room 1150
Baltimore, MD 21201


All creditors on the attached mailing matrix.


/s/ Janet M. Nesse
Janet M. Nesse

Label Matrix for local noticing
0090-1
Case 16-00222
United States Bankruptcy Court for the Distri
Washington, D.C.
Thu Nov  3 23:28:24 EDT 2016

BWF Private Loan Fund, LLC
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N Oak St #1826
Arlington, VA 22209-2770

Capital One N.A.
Ascension Capital Group
P.O. Box 165028
Irving, TX 75016-5028

U. S. Trustee for Region Four
U. S. Trustee's Office
115 South Union St
Suite 210 Plaza Level
Alexandria, VA 22314-3317

Washington, D.C.
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave, NW #1225
Washington, DC 20001-2802

BWF Private Loan Fund, LLC
350 Fortune Terrace, Second Floor
Rockville, MD 20854-2989

Capital One, N.A.
P.O. Box 21887
Saint Paul, MN 55121-0887

Department of Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
77 K St. NE
Suite 5100
Washington, DC 20002-4678

Ridberg Aronson LLC
6411 Ivy Lane #405
Greenbelt MD 20770-1405

Arthur Lander CPA PC
300 N. Washington St. #104
Alexandria, VA 22314-2530

Marsha Ann Ralls
1516 31st Street NW
Washington, DC 20007-3074

William C. Johnson Jr.
Law Offices of William C. Johnson, Jr.
1310 L St. NW
Suite 750
Washington, DC 20005-4383

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
31 Hopkins Plaza, RM 1150
Baltimore MD 21201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Capital One N.A.
Ascension Capital Group
P.O. Box 165028
Irving, TX 75016-5028

(u)Jamie Peva

End of Label Matrix
Mailable recipients    13
Bypassed recipients     2
Total                  15