The document below is hereby signed.

Signed: July 17, 2017



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARSHA ANN RALLS, | ) | Case No. 16-00222 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE
APPLICATION FOR APPROVAL OF COMPENSATION

On November 18, 2016, the court-ordered deadline for filing all claims for compensation (*see* Dkt. No. 188), the debtor's former attorney, William C. Johnson Jr. ("Johnson"), filed an application for approval of compensation (Dkt. No. 248). The debtor filed an objection (Dkt. No. 289) on December 9, 2016. The debtor then filed a request (Dkt. No. 320) for the court to defer ruling on Johnson's fee application as the debtor pursued professional negligence claims against him, but the court did not grant that request.

On February 6, 2017, Johnson filed a motion (Dkt. No. 356) for leave to file an amended application for compensation,

accompanied by an amended fee application (Dkt. No. 357).[1]  Both the debtor and the U.S. Trustee filed objections to Johnson's motion for leave to file an amended application.  *See* Dkt. No. 368 and Dkt. No. 369, respectively.  The debtor also filed an objection to Johnson's amended application.  *See* Dkt. No. 370.  A hearing on the motion for leave to file an amended fee application as well as, *inter alia*, Johnson's original fee application took place on March 6, 2017.

Pursuant to an oral decision at the hearing on March 6, 2017, the court denied Johnson's motion (Dkt. No. 356) for leave to file an amended fee application.  The court deferred ruling on Johnson's original fee application on that date based on an objection raised by the debtor at the hearing regarding whether the method of paying Johnson's fees that was laid out in the confirmed plan violated 11 U.S.C. § 522(k).  Section 522(k) of the Bankruptcy Code (11 U.S.C.) provides that, with certain exceptions inapplicable in these proceedings, "[p]roperty that the debtor exempts under this section is not liable for payment

---

[1] On January 25, 2017, Johnson filed an amended fee application (Dkt. No. 335).  Apparently in response to a hearing on January 27, 2017, and an order issued by the court on that date (Dkt. No. 349), Johnson filed a motion for leave to amend his application for compensation (Dkt. No. 356), filed another amended application for compensation (Dkt. No. 357), then filed a motion (Dkt. No. 364) to withdraw the first amended fee application (Dkt. No. 335).  The first amended fee application (Dkt. No. 335) was accordingly withdrawn and the motion for leave to amend (Dkt. No. 356) and its accompanying amended application for compensation (Dkt. No. 357) remained.

of any administrative expense[.]"  At the hearing on March 6, 2017, the debtor argued that the Plan provided for Johnson to be paid from the debtor's exempt assets and that Johnson, when serving as the debtor's counsel, should have objected to the Plan on that basis.

Because no party to the bankruptcy proceedings had raised the issue prior to the hearing on March 6, 2017, the court allowed the parties until March 31, 2017, to file briefs addressing whether the confirmed plan violated § 522(k) and, if it did, how Johnson was to be paid for the services he rendered when he served as the debtor's counsel.  Both the debtor and Johnson filed supplemental briefs.  *See* Dkt. No. 380 and Dkt. No. 381, respectively.

I

ALLEGATION OF § 522(k) VIOLATION

A review of the confirmed chapter 11 Plan in this case (Dkt. No. 186) (the "Plan") demonstrates that the debtor's objection to Johnson's application for compensation based on § 522(k) is misplaced.  The plan does not provide for payment of Johnson's fees from the debtor's exempt assets.  Rather, it provides for payment of Johnson's fees by BWF.

Under § 3.1 of the Plan, "[a]bsent contrary agreement agreed to by the holder and approved by the Court, each Administrative Claim will be paid in full on the Closing Date from BWF's Sale

Proceeds." Pursuant to § 1.2 of the Plan, the term "Administrative Claim" was intended to include "Allowed Claims for costs and expenses of administering and preserving the Estate pursuant to section 503(b) of the Bankruptcy Code, including fees of Professional Persons approved by the Court[.]" In turn, § 1.3 provides that the phrase "Allowed Claim" refers to, *inter alia*, a claim "for which an application has been filed pursuant to sections 329 and 330 of the Bankruptcy Code[.]"

Johnson's application was filed pursuant to 11 U.S.C. § 329. Thus, Johnson's application for compensation is both an Allowed Claim and an Administrative Claim, according to the definitions of those phrases in the Plan. Johnson's request for compensation for fees and costs, therefore, as an Administrative Claim, is to be paid not from the debtor's exempt assets but from "BWF's Sales Proceeds[,]" which the Plan defines as "proceeds from the Sale payable at the time of the Closing to BWF or on account of BWF's Allowed Secured Claim." This arrangement does not violate 11 U.S.C. § 522(k).

II

RESOLUTION OF JOHNSON'S FEE APPLICATION

In an oral decision at the hearing on March 6, 2017, the court granted Johnson's original fee application almost in its entirety as proper, reasonable compensation under 11 U.S.C.

§§ 330(a)(1) and 330(a)(3).[2]  The only exception involves the amount Johnson claimed for "Client Communications."  Johnson requested compensation in the total amount of $8,222.50 for 29.9 hours of work at a rate of $275 per hour.  Johnson admitted that, for simplicity and for the benefit of the debtor, he noted each e-mail he wrote as he wrote it and then, when seeking compensation, simply ascribed .1 hours (or six minutes) to each e-mail for which he sought compensation.  Johnson testified that when he devised this process he imagined that replying to some e-mails would take fewer than six minutes each, replying to others would take far longer than six minutes each, and using this method of counting time would average out to an accurate measure of total time spent replying to e-mails and would be a more convenient method than would recording the exact amount of time spent on each e-mail and adding them up at the end.

However, as the court noted in its oral decision at the March 6, 2017 hearing, this method of accounting for time did not meet Johnson's burden of maintaining adequate records of time spent working on the debtor's case.  Because the court found that Johnson had contemporaneously noted his work related to e-mail communications with the debtor and deserved reasonable

---

[2]  At the hearing, the court issued a preliminary oral decision regarding Johnson's original fee application but noted that the ruling could be altered in a forthcoming written decision, especially considering the pending issue raised by the debtor regarding a possible violation of 11 U.S.C. § 522(k).

compensation for such work, the court granted partial compensation for such work despite Johnson's failure to maintain adequate records of the time spent drafting such communications; the court granted compensation in the amount of $4,000.00 for client communications rather than the total $8,222.50 requested. Thus, of the total $49,280.00 of compensation requested by Johnson, $8,283.00 of which Johnson noted had already been paid (*see* Dkt. No. 248, at 1), the court granted by oral decision on March 6, 2017, compensation of all but $4,222.50, subject to resolution of the § 522(k) issue raised by the debtor which has now been resolved.

III

COMPENSATION FOR EXPENSES

In his original fee application, Johnson only sought compensation for attorney's fees he incurred while representing the debtor in her chapter 11 bankruptcy proceedings.  He did not request compensation for any expenses he incurred in connection with the debtor's case.  However, in his amended fee application, he included a reimbursement request for expenses totaling $1,766.88.  *See* Dkt. No. 357, at 8.  The $1,766.88 reimbursement request for expenses was comprised of $1,717.00 for the chapter 11 filing fee expense and $49.88 for copying expenses related to discovery.  *Id.*  The U.S. Trustee, in her objection to Johnson's motion for leave to amend his fee application, indicated that she

had no objections to the request for reimbursement of expenses contained in Johnson's amended fee application.[3]  *See* Dkt. No. 369, at 1 n.1.  At the hearing on March 7, 2017, the court inquired as to whether the debtor, like the U.S. Trustee, did not object to reimbursement of the expenses listed in the amended fee application (Dkt. No. 357).  The debtor, through counsel, indicated that she did not object to the reimbursement of these expenses.  Thus, the court will allow the $1,766.88 of expenses sought by Johnson in his amended fee application (Dkt. No. 357).

IV

SANCTIONS AWARD AGAINST JOHNSON

In an order entered on March 8, 2017, the court imposed sanctions against Johnson in the amount of $4,700.00.  *See* Dkt. No. 374.  At the hearing on March 6, 2017, counsel for the debtor requested that $4,700.00 of any payment made to Johnson be awarded to her firm in light of the $4,700.00 due in sanctions awarded by the court.  Johnson stated that he had no objections to such an arrangement.  Thus, $4,700.00 of the amount to be paid

---

[3]  The U.S. Trustee noted that she had objections to some expenses listed in the amended fee application that Johnson later withdrew (Dkt. No. 335) but acknowledged that the amended fee application (Dkt. No. 357) filed in conjunction with the motion for leave to amend (Dkt. No. 356) did not include the objectionable expenses and listed only expenses to which the U.S. Trustee did not object.  *See* Dkt. No. 369, at 1 n.1.

7

to Johnson pursuant to the Plan will be paid instead to debtor's counsel in satisfaction of the amount owed in sanctions.

V

CONCLUSION

It is thus

ORDERED that the court allows $45,057.50 of fees sought by William C. Johnson, Jr., before any credits.  It is further

ORDERED that the court allows $1,766.88 of expenses sought by William C. Johnson, Jr., before any credits.  It is further

ORDERED that the amount of fees and expenses recoverable by Johnson is reduced by $8,283.00 to reflect amounts already received by Johnson, bringing the recoverable balance to $38,541.38 as an allowed administrative claim incurred while this case was pending as a case under chapter 11 of the Bankruptcy Code.  It is further

ORDERED that all other amounts sought as fees or costs by Johnson are DISALLOWED.  It is further

ORDERED that $4,700.00 of Johnson's allowed administrative claim of $38,541.38 for services rendered and expenses incurred during the debtor's chapter 11 proceedings is to be paid, on behalf of Johnson, to McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., the firm currently representing the debtor in her chapter 11 case, in satisfaction of the sanctions award issued

against Johnson, with the remaining balance of Johnson's administrative claim ($33,841.38) to be paid directly to Johnson.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.

9

R:\Common\TeelBN\MRW\Big Cases\Walls\Memorandum Decision and Order_William Johnson Fee Application_Marsha Ann Ralls_v3.wpd